judicial proceeding in Travis county, the purpose of which was to restrain the Railroad Commission from interfering with the movement of the supposed oil to which they related, would in no way prevent appellant's conviction for "false swearing." It is evident from the record that the primary purpose of the affidavit was to comply with a rule of the Railroad Commission and secure from it a permit for the shipment of the supposed oil. If the permit or tender had been issued, or, if issued, had not been canceled, no necessity would have arisen for the court proceedings attempting to restrain the Railroad Commission from interfering with the shipment of the supposed oil.

What has been said results in the conclusion, we think, that the trial court was not in error in refusing to instruct a peremptory verdict of acquittal of appellant on the charge of false swearing; neither do we think the court erred in refusing to strike from this record the affidavits in question because the state admitted that duplicates of the affidavits had been used in a judicial proceeding in Travis county.

A further review of the record has confirmed our view that proper disposition of the case has been reached. The motion for rehearing is, therefore, overruled.

### DAVIS v. STATE.
No. 18142.

Court of Criminal Appeals of Texas.

April 8, 1936.

Leo Darley, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for robbery; punishment, five years in the penitentiary.

The record is here without any statement of facts or bills of exception. All matters of procedure appear regular.

The judgment is affirmed.

MORROW, P. J., absent.

### DAVIS v. STATE.
No. 17974.

Court of Criminal Appeals of Texas.

March 25, 1936.

Rehearing Denied April 22, 1936.

